# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BARBARA L. SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Case No. 07 C 4641 |
| ) | |
| MICHAEL J. ASTRUE, ) | Magistrate Judge |
| Commissioner of Social ) | Arlander Keys |
| Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On February 12, 2009, the Court issued a Memorandum Opinion and Order remanding Barbara L. Spencer's case to the Commissioner of Social Security. Shortly thereafter, Ms. Spencer's attorney petitioned the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 405 (2004) (citing 28 U.S.C. § 2412(d)(1)(A)). Having won summary judgment in her favor and secured a remand, Ms. Spencer is the prevailing party. The Commissioner concedes as much, but he argues that an award of fees is inappropriate because his position was substantially justified. The Court agrees.

In opposing an EAJA petition for fees, the Commissioner has the burden of establishing that his position was substantially justified—that it had a "reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). Notably, the Commissioner's loss on the merits does not mean that his position was not substantially justified. *See e.g. Scarborough*, 541 U.S. at 415 (noting that a loss on the merits does not mean the Government's position was not substantially justified). Instead, the Court must determine whether the Commissioner's position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Additionally, although it is a well-established rule that an ALJ must "articulate that he has considered all the evidence in the case before arriving at a decision," an ALJ's failure to do so does not foreclose a finding of substantial justification. *Stein v. Sullivan*, 966 F.2d 317, 319-320 (7th Cir. 1992). Rather, the Commissioner's position may still be substantially justified where evidence in the record supports the ALJ's decision. *Id*. For example, in *Cunningham v. Barnhart*, the Seventh Circuit found that the Commissioner's position was substantially justified even though the ALJ had failed to articulate a basis for finding the plaintiff not disabled. 440 F.3d 862, 865 (7th Cir. 2006). The court reasoned that the ALJ's decision was substantially

justified because the record included the opinion of two state agency physicians who had found the plaintiff not disabled. *Id.*

In his response brief, the Commissioner essentially argues that his position was justified because evidence in the Record supported the ALJ's decision to deny Ms. Spencer benefits. Specifically, the Commissioner points out that the Court remanded Ms. Spencer's case because the ALJ failed to articulate a basis for finding that Ms. Spencer was limited to sedentary work; however, "in rejecting the only medical RFC analysis in the record, the ALJ actually came down in favor of Plaintiff, by finding Plaintiff to be more restricted than Dr. Bilinsky opined." Mem. & Ord. at 19.

The Court finds the Commissioner's argument persuasive. Although remand was proper to cure the ALJ's articulation defect, Dr. Bilinsky's RFC analysis—which opined that Ms. Spencer suffered from no limitations whatsoever—supported the ALJ's decision to deny benefits. Moreover, the Court called attention to the "dearth of medical evidence in the Record suggesting that Plaintiff was as limited as or more limited that the ALJ found." Mem & Ord. at 20. Given the evidence in the Record that supports the ALJ's decision, the Court finds that the Commissioner's position was substantially justified. *See Cunningham*, 440 F.3d at 865 (holding that the Commissioner's position was substantially justified where ALJ failed to meet articulation requirements but where evidence in the record supported his position).

Counsel for Ms. Spencer argues that the ALJ did not only fail to articulate the basis for his decision but "played doctor" in violation of established law. Counsel asks the Court to apply the rule from *Washington v. Heckler* that "[w]hen the government's legal position clearly offends established precedent . . . its position cannot be said to be 'substantially justified.'" 756 F.2d 959, 962 (3d Cir. 1985). However, the ALJ in *Washington* erred by failing to consider the plaintiff's exertional and non-exertional impairments together, in violation of established Third Circuit precedent. *Id.* at 966-967; *see also Burnam v. Schweiker*, 682 F.2d 456, 458 (3d Cir. 1982) (requiring the ALJ to consider plaintiff's exertional and non-exertional impairments together in determining the plaintiff's ability to work in the national economy).

In contrast to the ALJ's error in *Washington*, the ALJ's error here was not a failure to apply legal precedent, but a failure to articulate a basis for his decision to deny benefits. The Court's reference to doctor-playing merely referred to that failure. *See* Mem & Ord. at 20 ("because the ALJ erred and played doctor, instead of relying upon or further developing the evidence in the Record, his decision cannot be found to have been supported by substantial evidence and must be remanded"). Given the above considerations, the Court finds that the Commissioner's position was substantially justified.

## Conclusion

For the reasons set forth above, the Court denies the application for attorney's fees filed by counsel for Ms. Spencer.

Dated: September 16, 2009

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge